**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DANIELLE MITCHELL, INDIVIDUALLY and AS NEXT FRIEND TO H.C.H.C. and L.R.E.S.,** | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 4:25-CV-698** |
| **vs.** | § | |
| **FORD MOTOR COMPANY,** | § | **JURY DEMANDED** |
| **Defendant.** | § | |

**ORDER APPROVING SETTLEMENT AND FINAL JUDGMENT**

On this date came on to be heard the above-styled and numbered action wherein Danielle Mitchell, Individually and as Next Friend to H.C.H.C. and L.R.E.C. (f/k/a L.R.E.S.) ("Plaintiff") is the Plaintiff and Ford Motor Company ("Defendant") is the only Defendant.

The parties came in person and by and through their respective attorneys of record and made known to the Court that any previously made jury demands are waived, and that all matters of fact and things in controversy are submitted to the Court. The named parties announced to the Court that they had agreed to settle and compromise all issues, claims, and causes of action now existing or that may hereafter arise between Plaintiff and Defendant Ford Motor Company. The total amount of the settlement is confidential, the terms of which are described in a Confidential Compromise Settlement Agreement, Release, and Indemnity Agreement (the "Settlement Agreement"), a copy of which was tendered to the Court for an *in-camera* review but not filed.

It is understood and agreed that Plaintiff, in consideration for the Defendant's agreement to settle this controversy for the sums described in the Settlement Agreement will pay, discharge or indemnify and hold Defendant harmless for any and all outstanding unpaid hospital charges,

hospital bills, medical bills, rights of reimbursement or other bills and expenses to the extent any such lien or interest would attach to the settlement proceeds of Plaintiff. It was pointed out to the Court that all parties have agreed that if this Order Approving Settlement is approved by the Court that neither Plaintiff nor anyone claiming by, through or under Plaintiff, H.C.H.C., a minor, or L.R.E.C., a minor, will be able to recover anything further of and from Ford Motor Company.

It having appeared to the Court a potential conflict of interest as to minors H.C.H.C. and L.R.E.C. in the division of the proceeds of the settlement, the Court has appointed Andrew A. Jones, a practicing attorney in this district in Texas, duly licensed and in good standing with the State Bar of Texas, as Guardian *Ad Litem* to review the settlement and to advise the Court regarding the settlements on behalf of minor Plaintiffs H.C.H.C. and L.R.E.C., and said Guardian *Ad Litem* has been apprised of all matters of fact concerning this controversy and settlement thereof and has recommended on behalf of H.C.H.C., a minor, and L.R.E.C., a minor, that the Court approve the settlement as described in the Settlement Agreement.

After reviewing the pleadings filed in this case, the Court heard evidence touching upon such Settlement Agreement, with reference to the material facts regarding the automobile accident, and all matters pertaining to the alleged liability of Defendant Ford Motor Company and the damages to Plaintiff, H.C.H.C., a minor, and L.R.E.C., a minor as well as the capacity of the parties to prosecute this action as stated herein. Upon hearing the evidence, the Court is of the opinion that such Settlement Agreement is in the best interest of H.C.H.C., a minor, and L.R.E.C., a minor, and that the terms of the Settlement Agreement are in all respects reasonable.

It is understood and agreed by the Plaintiff that the payment of monies herein described is in settlement of disputed claims, that Defendant has denied liability and continues to deny liability of whatever nature to the Plaintiff. It is further understood and agreed that Defendant herein by

this Settlement Agreement makes no admission of liability to the Plaintiff, nor to any other person, firm, corporation, or other entity who did not assert a claim or file a lawsuit against Defendant, but rather that Defendant makes this settlement solely to purchase its peace and to avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Plaintiff and Defendant have satisfactorily compromised and settled all of the issues involved herein.

The Court is of the opinion that the Settlement Agreement executed by the Plaintiff is fair and equitable and that the same should be, and is hereby in all things approved, and the Court hereby specifically finds that the Settlement Agreement is in the best interest of minor Plaintiffs H.C.H.C. and L.R.E.C. The Court further finds that the Defendant has given good and valuable consideration to the Plaintiff for the settlement of this lawsuit. The Court hereby further finds that the allocation of the sums to minor Plaintiffs H.C.H.C. and L.R.E.C. agreed upon as a compromise settlement figure in this action between the parties should be paid as set forth in the Settlement Agreement.

The Court hereby further finds that the agreed upon settlement amount, as set forth in the Settlement Agreement between the parties, is to be paid as detailed in the Settlement Agreement with the approved amount payable to MetLife Assignment company, Inc. to partially fund future periodic payments for the benefit of minor Plaintiffs H.C.H.C. and L.R.E.C. The Court hereby further finds that the rights to receive periodic payments granted to the minor Plaintiffs in this Order may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of this Court, as evidenced by an order approving such transaction entered after compliance with all requirements

of the Structured Settlement Protection Act, § 141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of this order.

The Court further finds that the amount to be paid is in full satisfaction of any and all claims arising from this accident which Plaintiff, individually and as next friend H.C.H.C., a minor, and L.R.E.C., a minor, has or might ever have against Defendant Ford Motor Company or its officers, directors, shareholders, owners, agents, servants and employees, parts manufacturers and suppliers, and any "seller" or "manufacturer" of the subject vehicle as such terms are defined in Texas Civil Practice and Remedies Code section 82.001(3), and that under no legal or equitable theory may they hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, cross-actions, counter-actions, or third-party actions, or other actions whatsoever, and further that this settlement and Order Approving Settlement shall fully bind any different personnel, personal representatives, administrators, guardians, or others representing the person or estate of Plaintiff, individually or as next friend of H.C.H.C., a minor, and L.R.E.C., a minor.

It is ordered by the Court that Plaintiff does recover from Defendant Ford Motor Company payment reflected in the Settlement Agreement, which are to be paid within 60 days of Defendant Ford Motor Company's receipt of a fully executed copy of the Settlement Agreement; and the Court accordingly orders that no execution or other process ever issue against Defendant Ford Motor Company and that Defendant Ford Motor Company is fully and finally released.

The Court approves the settlement entered into by the parties and finds that the claims of Plaintiff against Defendant Ford Motor Company should be dismissed with prejudice; and that the

Plaintiff's claims, asserted or which could have been asserted herein against Defendant Ford Motor Company are fully satisfied in all respects, and that no execution shall ever issue herein.

The Court finds that the terms of the Settlement Agreement provide that the taxable court costs will be paid by the party incurring same.

The Court further finds that the terms of the Settlement Agreement provides that Plaintiff will pay all fees due to their attorneys from the settlement amount set forth in the Settlement Agreement. Plaintiff and Plaintiff's attorneys acknowledge and agree that Defendant and the other released parties and entities shall bear no responsibility for payment of Plaintiff's attorneys' fees.

Plaintiff, individually and as next friend of H.C.H.C., a minor, and L.R.E.C., a minor, has further agreed to INDEMNIFY, HOLD HARMLESS, and DEFEND Defendant Ford Motor Company from any and all such claims, demands, actions, and causes of action of any nature or character and any other claims, demands, actions, and causes of action which may have been or may hereafter be asserted against Defendant Ford Motor Company by any person, insurer, firm, company, and/or corporation (including, but not limited to, any and all Medicare/Medicaid liens) claiming under any alleged subrogation rights, including, but not limited to property damage, worker's compensation liens, child support liens or judgments, attorney fees, and/or hospitals' or doctors' liens under the Texas Hospital Lien Law to the extent any such lien or interest would attach to the settlement proceeds.

The Court further finds that Plaintiff, individually and as next friend of H.C.H.C., a minor, and L.R.E.C., a minor, has agreed to DEFEND AND INDEMNIFY Defendant Ford Motor Company from and against any fine, penalty, suit, regulatory, or administrative proceeding resulting from the false or incorrect reporting of information required by Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 and to fulfill whatever obligations required

of the Plaintiff under the Medicare Secondary Payer Act as contemplated under Section 1862(b) of the Social Security Act (42 USC Section 1395y(b)(6)) and applicable regulations found at 42 CFR Part 411 and Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007.

It is ORDERED, ADJUDGED, and DECREED that all claims filed, or which could have been filed, by Danielle Mitchell, both Individually and as next friend of H.C.H.C., a minor, and L.R.E.C., a minor, against Defendant Ford Motor Company are dismissed with prejudice. All relief requested or which could possibly be requested by any of the parties hereto which is not herein specifically granted is denied.

It is further ORDERED, ADJUGED and DECREED that Defendant Ford Motor Company will pay the amount of **$3,262.50** to the Guardian *Ad Litem* for H.C.H.C., a minor, and L.R.E.C., a minor, for fees and expenses related to this matter.

It is further ORDERED, ADJUDGED and DECREED that costs of Court incurred herein are taxed against the party incurring same.

The Court accordingly ORDERS that no execution or other process shall ever issue against the Defendant Ford Motor Company and that Defendant Ford Motor Company is fully and finally released.

It is ORDERED, ADJUDGED, and DECREED that each party shall bear its own costs of Court.

**So ORDERED and SIGNED this 23rd day of October, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

**APPROVED AND AGREED**:

THE TRACY FIRM
4701 Bengal Street
Dallas, Texas 75235
(214) 324-9000
(972) 387-2205 (fax)

By: /s/ *E. Todd Tracy*
E. Todd Tracy
State Bar No. 20178650
TTracy@vehiclesafetyfirm.com
Garrett D. Rogers
State Bar No. 24110295
GRogers@vehiclesafetyfirm.com

**ATTORNEY FOR PLAINTIFF DANIELLE MITCHELL, INDIVIDUALLY AND AS NEXT FRIEND TO H.C.H.C. AND L.R.E.S.**

By: */s/ Andrew A. Jones w/ permission*
Andrew A. Jones
ajones@sawickilawfirm.com

**GUARDIAN AD LITEM FOR H.C.H.C. AND L.R.E.C.**

GASCOYNE & BULLION, P.C.

By: */s/ Deborah J. Bullion w/ permission*
Deborah J. Bullion
State Bar No. 03329100

77 Sugar Creek Center Boulevard, Suite 280
Sugar Land, Texas 77478
dbullion@gbpclaw.com
(281) 340-7000 (Telephone)
(281) 340-7001 (Facsimile)

William L. Mennucci
State Bar No. 00788042
bmennucci@thompsoncoe.com
Ronald D. Wamsted
State Bar No. 20832000
rwamsted@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS L.L.P.

2801 Via Fortuna, Suite 300
Austin, Texas 78746
(512) 708-8200 (Telephone)
(512) 708-8777 (Facsimile)

**ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY**